IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN T. TURNBOW and MASAKO H. TURNBOW, *on behalf of themselves and all others similarly situated*, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-1030-M |
| LIFE PARTNERS INC., and LIFE PARTNERS HOLDINGS, INC., | § § § | (Consolidated with Civil Action Nos. 3:11-cv-1093-M, 3:11-cv-1137-M, 3:11-cv-1152-M, 3:11-cv-1225-M, and 3:11-cv-1325-M) |
| Defendants. | § | |

## ORDER

Before the Court are the Joint Motion of Plaintiffs and alleged class members Yoskowitz, Vieira, Taylor, Rice, Rice, and Beverage, to select Susman Godfrey LLP and Kahn Swick & Foti, LLC ("KSF") as interim co-class counsel [Docket Entry #16, No. 3:11-CV-1152-M], and the Joint Proposal of Plaintiffs Turnbow, Turnbow, Jackson, Patterson, Patterson Family Trust, Springston, and Connell to appoint McCulley McCluer PLLC, Milberg LLP, and Susman Godfrey LLP as interim co-class counsel [Docket Entry #22, No. 3:11-CV-1030-M].

Under Federal Rule of Civil Procedure 23(g)(3), the Court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Interim class counsel is appropriate where, as here, there are overlapping, duplicative, or competing suits present. *See* Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004). Courts use the same qualification criteria for designating interim counsel as are used for appointing class counsel, which include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience

in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).

After considering the Rule 23(g)(1)(A) factors, this Court concludes that all counsel seeking appointment as interim lead counsel have significant experience litigating class actions and other complex litigation, knowledge of the applicable law, and the ability to dedicate the resources required to litigate the matter.  However, the Court is of the view that it should minimize the number of separate counsel appointed as interim lead counsel and should do what it can to assure that selected counsel can and will work cooperatively to represent all of the members of the class.  The Court is therefore disinclined to attempt to make a successful marriage of unwilling partners; that is, forcing Susman Godfrey to align with McCulley McCluer PLLC and Milberg LLP for purposes of this appointment.

The Court also notes the distinct advantage to the class in having local counsel among interim lead counsel, and the only proposed firm with an office in this district is Susman Godfrey.  Further, Susman Godfrey and KSF have done substantial work in identifying and investigating potential claims in this action, and KSF filed the first Customer Case against Life Partners.  Appointing Susman Godfrey and KSF at the interim class counsel stage will eliminate inefficiencies and avoid unnecessary legal fees and administration.  *See Four In One Co., Inc. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 252 F.R.D. 66, 68 (D. Me. 2008).

The Joint Motion of Yoskowitz, Vieira, Taylor, Rice, Rice, and Beverage is therefore **GRANTED in part**, to the extent Susman Godfrey and KSF are appointed to serve as interim

co-lead class counsel. The request for a steering committee consisting of Susman Godfrey, KSF, and Riney Palter PLLC is **DENIED without prejudice**. The Joint Proposal of Turnbow, Turnbow, Jackson, Patterson, Patterson Family Trust, Springston, and Connell is **DENIED**. Should any parties still desire the appointment of an interim steering committee, they may move the Court for such.

A Consolidated Class Action Complaint shall be filed on or before **21 days** from the date of this Order.  Defendants shall file an answer or otherwise respond to the Consolidated Class Action Complaint on or before **21 days** after that Complaint is filed.

Interim lead counsel are directed to consult with all Plaintiffs' counsel to attempt to reach agreement on the contents of the Consolidated Class Action Complaint.  Interim lead counsel shall advise the Court promptly in the unlikely event irreconcilable conflicts arise among the named Plaintiffs and/or counsel after such consultation.

**SO ORDERED.**

August 4, 2011.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**