IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN TURNBOW, WILLIAM and MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, and ANTHONY TAYLOR, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:11-CV-01030-M |
| LIFE PARTNERS, INC., LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, and R. SCOTT PEDEN, | § § § § | |
| Defendants. | | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Elizabeth L. Yingling
State Bar No. 16935975
E-Mail: elizabeth.yingling@bakermckenzie.com
Kimberly F. Rich
State Bar No. 24010344
E-Mail: kimberly.rich@bakermckenzie.com
Laura J. O'Rourke
State Bar No. 24037219
E-Mail: laura.orourke@bakermckenzie.com
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Tel.: (214) 978-3000
Fax: (214) 978-3099

**ATTORNEYS FOR DEFENDANTS**

## **TABLE OF CONTENTS**

I. ARGUMENT AND AUTHORITIES ................................................................................1

    A. The Complaint must be Dismissed for Lack of Standing.........................................1

    B. The Fiduciary Duty Claim must be Dismissed.........................................................4

    C. The Breach of Contract Claim must be Dismissed...................................................7

    D. Plaintiffs' Claim under Cal. Bus. & Prof. Code §17200 must be Dismissed..........9

II. CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Akbani v. TRC Eng'rs, Inc.*,
   No. 3:09-cv-1154-M, 2009 U.S. Dist. LEXIS 76172 (N.D. Tex. Aug. 25, 2009) ................ 5, 6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................................................. 1, 7

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) ............................................................................................. 9

*Brown v. Matauszak*,
   415 F. App'x 608 (6th Cir. Jan. 31, 2011) ......................................................................... 1

*CCE, Inc. v. PBS&J Constr. Servs., Inc.*,
   No. 01-09-00040-CV, 2011 Tex. App. LEXIS 809 (Tex. App.—Houston [1st Dist.]
   Jan. 28, 2011, pet. filed) .................................................................................................... 6

*Coffee v. Fort Wayne Pools, Inc.*,
   24 F. Supp. 2d 671 (N.D. Tex. 1998) ................................................................................ 6

*Duran v. City of Corpus Christi*,
   240 F. App'x 639 (5th Cir. 2007) ...................................................................................... 3

*Eby Constr. Co. v. LAN/STV*,
   No. 05-09-00946-CV, 2011 Tex. App. LEXIS 6910 (Tex. App.—Dallas Aug. 29,
   2011, no pet.) ..................................................................................................................... 6

*Fidelity & Deposit Co. of Md. v. Commercial Cas. Consultants*,
   976 F.2d 272 (5th Cir.1992) .............................................................................................. 5

*Guzman v. Bridgeport Educ., Inc.*,
   No., 11cv69 WQH, 2011 U.S. Dist. LEXIS 120611 (S.D. Cal. Oct. 19, 2011) ................ 3

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................................... 9

*Little v. KPMG LLP*,
   575 F.3d 533 (5th Cir. 2009) .......................................................................................... 2, 3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................................ 1, 4

*Maya v. Centex Corp.*,
   No. 09-CV-01671 VAP (OPx), 2010 U.S. Dist. LEXIS 44829

*(C.D. Cal. Mar. 31, 2010), rev'd,* No. 10-55658, 2011 U.S. App.
LEXIS 19344 (9th Cir. Sept. 21, 2011) .................................................................................. 3

*Methodist Hosp. of Dallas v. Corporate Communicators, Inc.,*
806 S.W.2d 879 (Tex. App.—Dallas 1991, writ denied) .................................................... 7, 8

*Nalle v. Taco Bell Corp.,*
914 S.W.2d 685 (Tex. App.—Austin 1996, writ denied) ....................................................... 8

*Nichols v. YJ USA Corp.*,
No. 3:06-CV-02366-L, 2009 U.S. Dist. LEXIS 22450 (N.D. Tex. March 18, 2009) ........... 4, 5

*Weil v. Ann Lewis Shops, Inc.*,
281 S.W.2d 651 (Tex. Civ. App.—San Antonio 1955, writ ref'd) ........................................... 9

*Wismer Distrib. Co. v. Brink's Inc.,*
202 F. App'x 729, 2006 U.S. App. LEXIS 25787 (5th Cir. 2006) ........................................... 6

*Worldpak Int'l v. Diablo Valley Packaging*,
No. 4:08-CV-00469, 2009 U.S. Dist. LEXIS 47874 (S.D. Tex. June 4, 2009) ....................... 5

*Zero Motorcycles, Inc. v. Pirelli Tyre S.P.A.,*
No. C10-01290 SBA, 2011 U.S. Dist. LEXIS 77587 (N.D. Cal. Jul 15, 2011) ...................... 10

**STATUTES**

Cal. Bus. & Prof. Code §17200 ................................................................................................. 9, 10

Cal. Bus. & Prof. Code §17204 .................................................................................................... 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN TURNBOW, WILLIAM and MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, and ANTHONY TAYLOR, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:11-CV-01030-M |
| LIFE PARTNERS, INC., LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, and R. SCOTT PEDEN, | § § § § | |
| Defendants. | | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

COME NOW DEFENDANTS, LIFE PARTNERS, INC. ("LPI"), LIFE PARTNERS HOLDINGS, INC. ("LPHI"), BRIAN PARDO, and R. SCOTT PEDEN (collectively, Defendants), and file this their Reply in Support of Motion to Dismiss, and in support thereof would respectfully show the Court as follows:

### I.
### ARGUMENTS AND AUTHORITIES

**A.   The Complaint must be Dismissed for Lack of Standing.**

Plaintiffs have failed to sufficiently plead standing. "While at the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice,' *Lujan*, 504 U.S. at 561, it is still necessary to include some 'well-pleaded factual allegations' to support the claim." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Thus, while "allegations of injury are liberally construed at the pleading stage, … allegations of injury that are merely conjectural or hypothetical do not

suffice to confer standing," and a "claim of injury generally is too conjectural or hypothetical to confer standing when the injury's existence depends on the decisions of third parties not before the court." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009).

In the Motion to Dismiss, Defendants proffered three separate reasons why Plaintiffs lack standing to assert their claims: (1) Plaintiffs Vieira and Taylor mooted their claims by disposing of their interests in the life settlements before the insureds had reached or exceeded their life expectancies; (2) Plaintiffs have not pled an injury in fact, particularly with respect to those transactions in which the insured has not yet reached or exceeded their life expectancies, but even with respect to those that have, because Plaintiffs' injury is purely speculative; and (3) there is no causal connection between the purported injury and Defendants' conduct.[1]  In response, Plaintiffs largely focused on the "concrete and particularized" injury prong of standing and ignored or glossed over Defendants' arguments concerning mootness, ripeness, and causation.[2]

More specifically, in response to the first point regarding mootness, Plaintiffs simply made the conclusory assertions that "[t]he injury took place at the time of the purchase" and that, because Plaintiffs have asserted a breach of fiduciary duty claim for which disgorgement may be a proper remedy, Plaintiffs have pled an injury.[3] However, as they have pled their claims in the Complaint, Plaintiffs' alleged injury is inextricably tied to the purported inaccuracy of Dr. Cassidy's life expectancies.[4] Given this fact, it is a necessary predicate to each Plaintiff's ability to show a concrete and particularized injury that the life expectancies for *their* purchases be inaccurate.  Thus, Plaintiffs cannot properly rely on a Wall Street Journal analysis of life

---

[1] *See* Defendants' Motion to Dismiss ("MTD"), at pp. 4-10.
[2] *See* Plaintiffs' Response to MTD ("Response"), at pp. 6-9.
[3] *See id.* at p.7.
[4] *See* Consolidated Class Action Complaint ("Compl."), ¶15; Response, at p. 7 (attempting to tie Plaintiffs' alleged injury to Dr. Cassidy's "grossly inaccurate life expectancies").

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS – Page 2**

settlements owned by others in support of their claim that they have been injured.[5]  *See, e.g., Duran v. City of Corpus Christi*, 240 F. App'x 639, 641-42 (5th Cir. 2007) ("Courts generally refuse to recognize standing based on economic harm that is merely a consequence of an injury suffered by another party. [They must be] able to show some 'direct' harm to themselves."). Given this, because Plaintiffs Vieira and Taylor sold the majority of their life settlements before the insureds had even reached the life expectancy estimates, as to those interests, Vieira and Taylor indisputably cannot establish an injury, as their claims became moot upon sale.  Plaintiffs offer no factual or legal support to refute this contention.  Accordingly, those claims must be dismissed.

On the second point, Defendants argued that all the Plaintiffs failed to sufficiently allege injury in fact, even for the transactions in which the insureds had exceeded life expectancy, because the purported overpayment theory is speculative and, at best, premature.[6]  In connection with this argument Defendants relied, in part, upon a case that was reversed by the Ninth Circuit after Defendants' Motion was filed: *Maya v. Centex Corp.*, No. 09-CV-01671 VAP (OPx), 2010 U.S. Dist. LEXIS 44829 (C.D. Cal. Mar. 31, 2010), *rev'd*, No. 10-55658, 2011 U.S. App. LEXIS 19344, at *10-21 (9th Cir. Sept. 21, 2011).  Despite this reversal, however, Defendants' argument that Plaintiffs lack standing due to the alleged overpayment injury theory remains valid.[7]  This is so because, in addition to being premature, such injury's existence is too speculative because it depends on the "actions" of third parties *i.e.*, the "injury" depends on the timing of the death of the insureds. *See KPMG*, 575 F.3d at 540.

---

[5] Compl., ¶¶5, 12, 32-34, 41.
[6] *See* MTD, at p. 7.
[7] *See, e.g., Guzman v. Bridgeport Educ., Inc.,* No. 11cv69 WQH, 2011 U.S. Dist. LEXIS 120611, at *12-15 (S.D. Cal. Oct. 19, 2011) (holding plaintiff must allege an injury-in-fact for a California Unfair Competition Claim, and that plaintiff's claim that she has to pay additional monies was not sufficient where she did not connect defendants' alleged misrepresentations to any injury).

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS – Page 3**

With respect to the third point, in their Response, Plaintiffs wholly failed to rebut the assertion that any purported harm Plaintiffs may have suffered or may suffer in the future is contingent upon the timing of the insureds' deaths, and is, thus, entirely unrelated to any conduct of Defendants. Plaintiffs' inability to plead causation, in and of itself, establishes Plaintiffs' lack of standing and mandates dismissal of the Complaint.

Each Plaintiff must establish all three of the elements of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Because each Plaintiff has failed to establish each of the three elements, the Complaint must be dismissed due to lack of standing.

**B.     The Fiduciary Duty Claim must be Dismissed.**

Plaintiffs argue that the economic loss rule does not apply to breach of fiduciary duty claims and, even if it did, the economic loss rule is inapplicable to Plaintiffs' claims because of the type of damages they are seeking.[8] Plaintiffs are wrong on both counts.[9]

Contrary to Plaintiffs' assertion, the economic loss rule has been applied to breach of fiduciary duty claims. On this issue, *Nichols v. YJ USA Corp.*, No. 3:06-CV-02366-L, 2009 U.S. Dist. LEXIS 22450, at *61-63 (N.D. Tex. March 18, 2009), is instructive. In that case, YJ USA alleged that Nichols owed it a fiduciary duty as a result of a contractual relationship between the parties, and was monetarily damaged thereby. *Id.* at *62. However, the court rejected the breach of fiduciary duty claim, and, in so holding, the court noted the following:

> Under Texas law, the general rule is that a party may only maintain a tort claim in addition to a claim for breach of contract if the tort claim is independent of the contract claim. To determine whether a tort claim is independent of a contract

---

[8] Response, at pp. 9-13.
[9] Defendants, in the Motion to Dismiss, argued that Plaintiffs' purported fiduciary duty is contract-based and, further, that the contracts themselves limit the duties LPI owed to Plaintiffs. (MTD, at pp. 12-13). Plaintiffs do not dispute that their fiduciary duty claim is contractually-based. (Response, at p. 13). Rather, Plaintiffs only dispute that the agency agreements limit the powers of LPI, as agent. However, the Agency Agreements, which were included with the Motion to Dismiss, speak for themselves, and establish beyond dispute, that the agreements were very limited in the authority granted to LPI. Further, Plaintiffs have failed to adequately allege a breach of any such limited duties. Thus, for this additional reason, Plaintiffs' breach of fiduciary duty claim must be dismissed.

claim, the court analyzes the source of the duty and the nature of the remedy. **If a party seeks damages for breach of a duty created under a contract, the claim sounds only in contract**, but if a party seeks damages for breach of a duty imposed by law, the claim sounds in tort. **When the loss or damage is the loss to the subject of the contract, the claim sounds in contract.**

*Id.* at *61-62 (emphasis added) (internal citations omitted). Thus, because YJ USA's damages were "only for the economic loss caused by Nichols's alleged breach of those [contractual] duties," YJ USA's claims sounded solely in contract, and the breach of fiduciary duty claim was rejected.[10] *Id.*

Plaintiffs' second contention, that they are not seeking expectation damages, and, thus, the economic loss rule does not bar their fiduciary duty claim must, likewise, be rejected. "Texas courts have held that it is the nature of the injury, not the nature of the damages sought, that effects the applicability of the economic loss rule." *Akbani v. TRC Eng'rs, Inc.*, No. 3:09-cv-1154-M, 2009 U.S. Dist. LEXIS 76172, at *8-9 (N.D. Tex. Aug. 25, 2009) (Lynn, J.). "'If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings.'" *Worldpak Int'l v. Diablo Valley Packaging*, No. 4:08-CV-00469, 2009 U.S. Dist. LEXIS 47874, at *6 (S.D. Tex. June 4, 2009) (quoting *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.—Tyler 2003, pet. denied)).

Importantly, Plaintiffs' breach of fiduciary duty claims and breach of contract claims are based upon the same set of allegations, namely that the life expectancy estimates utilized by LPI

---

[10] Plaintiffs rely on *Fidelity & Deposit Co. of Md. v. Commercial Cas. Consultants*, 976 F.2d 272 (5th Cir.1992) to support their position that, if a fiduciary duty exists and a breach thereof occurs, then the economic loss rule is inapplicable. (Response, at pp. 10-11). However, Plaintiffs' reliance on that case is misplaced because the Fifth Circuit was addressing, not Plaintiffs' issue, but, rather "whether the evidence supports the jury finding of [defendants'] knowing participation in [the corporate defendant's] breach of a fiduciary obligation." *Id.* at 276.

were purportedly inaccurate.[11] Thus, but for the contractual relationship between Plaintiffs and LPI pursuant to which LPI facilitated the sale of life settlements to Plaintiffs, Plaintiffs would not have been damaged. This Court's *Akbani* decision provides the applicable analysis:

> Other than the claim for attorney's fees, all of Akbani's alleged damages stem, either directly or indirectly, from the preparation of a plat and the design of a retaining wall, among other items, to accommodate the relocation of the sewage pipe within a reduced easement – precisely what Akbani claims to be the subject of his contracts with TRC as well as the basis for his claim against Wilson. **Akbani bases both his negligence and breach of contract claims upon the same set of facts; neither TRC nor Wilson could be liable for negligence without the existence of the contracts.** Thus, Akbani clearly seeks to recover for losses sustained as a result of an alleged breach of contract. His cause of action against Wilson for negligence is therefore barred by the economic loss rule.

2009 U.S. Dist. LEXIS 76172, at *9 (emphasis added). As in *Akbani*, because Plaintiffs' fiduciary duty and contract claims are based upon the same set of facts, and because Plaintiffs only claim loss to the subject matter of the contracts, *i.e.*, monies related to the purchases of life settlements, the economic loss rules bars Plaintiffs' breach of fiduciary duty claim. *See also Wismer Distrib. Co. v. Brink's Inc.*, 202 F. App'x 729, 2006 U.S. App. LEXIS 25787, at *5-6 (5th Cir. 2006) (rejecting negligence claim under the economic loss doctrine where the losses at issue were the subject matter of the contract); *Coffee v. Fort Wayne Pools, Inc.*, 24 F. Supp. 2d 671, 687 (N.D. Tex. 1998) (applying the economic loss rule because "while the plaintiffs have pleaded a cause of action for negligence, they clearly seek to recover for losses sustained by [defendant's] failure to perform the contract").[12]

---

[11] *See, e.g.,* Compl., ¶¶28-42 ("Factual Allegations," which are applicable to both the breach of fiduciary duty and breach of contract claims), ¶¶55-56 (breach of fiduciary duty claim), ¶¶69-70 (breach of contract claim).

[12] Plaintiffs' reliance on *CCE, Inc. v. PBS&J Constr. Servs., Inc.*, No. 01-09-00040-CV, 2011 Tex. App. LEXIS 809, at *19-20 (Tex. App.—Houston [1st Dist.] Jan. 28, 2011, pet. filed), and *Eby Constr. Co. v. LAN/STV,* No. 05-09-00946-CV, 2011 Tex. App. LEXIS 6910, at *24-25 (Tex. App.—Dallas Aug. 29, 2011, no pet.) is misplaced. In both cases, the plaintiffs submitted evidence that they were forced to expend funds in excess of that due under their respective contracts due to the negligent misrepresentations of the defendants. By contrast, in this case, the only "damages" at issue are those paid under the applicable contracts for Plaintiffs' purchases of life settlements.

C.    **The Breach of Contract Claim must be Dismissed.**

Plaintiffs' breach of contract claim must be dismissed because the Complaint fails to sufficiently allege which specific contractual terms were breached by LPI. In their Response, Plaintiffs refer the Court to paragraph 69 of the Complaint. However, in that paragraph, Plaintiffs merely quote portions of the agreements, but do not allege breaches thereof. Further, in their Response, Plaintiffs appear to argue that their contract claim is based on Defendants' alleged failure to provide an "actuarially or medically determined life expectancy of no more than ten (10) years."[13] However, the Complaint makes no such breach of contract claim.[14] Moreover, Plaintiffs have not alleged, because they cannot, that the life expectancies they received were longer than ten years. As such, even Plaintiffs' Response fails to adequately "plead" a breach of contract claim.

Plaintiffs' breach of contract claim also fails because the Complaint does not allege facts sufficient to support the legal imposition of a disfavored implied covenant, rather, it merely includes conclusory allegations regarding an implied "contractual standard of skill, care and faithful performance."[15] In the Response, Plaintiffs claim these implied duties are found in every contract, yet Plaintiffs take such an expansive view of these implied duties that, if accurate, virtually any party that is dissatisfied with a contract could claim a violation of such "duties," and never have to assert the breach of any express provisions of the contract.[16]

---

[13] Response, at p.15.
[14] *See* Compl., ¶¶68-71.
[15] *Id.* at ¶70. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Ibqal*, 129 S. Ct. 1937, 1949 (2009).
[16] It is telling to note that, in their Response, Plaintiffs claim that *Methodist Hosp. of Dallas v. Corporate Communicators, Inc.,* 806 S.W.2d 879 (Tex. App.—Dallas 1991, writ denied) stands for the proposition that, "[a] breach of contract occurs when a party fails to perform an act that it has expressly **or impliedly** promised to perform." (Response, at p. 16 n.66)(emphasis added). However that case actually held as follows: "A breach of contract occurs when a party fails or refuses to perform an action that it **expressly promised** to do." 806 S.W.2d at 882 (emphasis added).

By way of example, in the Response, Plaintiffs claim that LPI breached its "implied obligations" by "failing to statistically or even empirically establish the validity of [Dr. Cassidy's] method."[17]  However, absent from the Complaint are any allegations that LPI was contractually obligated to conduct such an analysis or otherwise contractually guaranteed Dr. Cassidy's results.  Thus, under Plaintiffs' view of these "implied obligations," they have the ability, years after agreements have been executed, to surreptitiously invent obligations under the agreements that never existed and never were contemplated.  Such an assertion, carried to its logical (or illogical) conclusion would vitiate the necessity of contractual provisions that specify the obligations of the parties.  In Plaintiffs' view, such contractual obligations are unnecessary because any and all obligations can be implied and, thus, made contractual, by virtue of the implied "contractual standard of skill, care and faithful performance" obligation.  Such is not the law.[18]

In fact, Texas law is to the contrary, as described by the court in, *Nalle v. Taco Bell Corp.,* 914 S.W.2d 685, 687 (Tex. App.—Austin 1996, writ denied):

> Texas law does not favor implied covenants.  **As a general rule, we look only to the written contract to discern the obligations of the contracting parties.  We will look beyond the written agreement and imply a covenant only if it is 'necessary in order to effectuate the intention of the parties as disclosed by the contract as a whole.'**  An implied covenant is sufficiently necessary to the parties' intentions only if the obligation 'was so clearly within the contemplation of the parties that they deemed it unnecessary to express it. . . .'  We will not imply a covenant simply because it is needed to make the contract fair, wise or just.

---

[17] Response, at p. 17.  It is important to note that Plaintiffs claim this allegation was made in the Complaint in paragraphs 11-16, and/or 67.  No such allegation is contained therein.

[18] Plaintiffs, in the Response, purportedly quote from *Methodist Hospital* when they argue that "the obligation to use care, skill, expedience and faithfulness is 'so clearly within the contemplation of the parties that they deemed it unnecessary to express it.'" (Response, at p. 16 n.68).  *Methodist Hospital* includes no such language and does not provide any support for the referenced argument.  *See generally*, 806 S.W.2d at 879-886.  Further, Plaintiffs claim that the referenced language from *Methodist Hospital* was a quote from the *Nalle* case.  While some of the words used by Plaintiffs are contained in the *Nalle* decision, as discussed herein, that case does not support Plaintiffs' argument.

914 S.W.2d at 687 (citations omitted)(emphasis added). In its ruling, the *Nalle* court noted that Texas courts refused to imply a covenant "because it was not plainly necessary to effectuate the intent of the parties nor obviously within their contemplation." *Id.* at 688 (citing *Weil v. Ann Lewis Shops, Inc.*, 281 S.W.2d 651, 655-56 (Tex. Civ. App.—San Antonio 1955, writ ref'd)). Notably, in *Weil*, the court found that the "contract was well written and quite lengthy. It seems to cover the parties' entire understanding. It is plain and unambiguous, and we see no reason to write into this contract a stipulation which the parties themselves did not see fit to place therein." 281 S.W.2d at 656. As in *Nalle* and *Weil*, the agreements between the parties in this case are plain, unambiguous, well written and covered the parties' entire understanding. Thus, Plaintiffs' attempt to impose a host of implied obligations is inappropriate, and the breach of contract claim based thereon must be dismissed.[19]

### D.   Plaintiffs' Claim under Cal. Bus. & Prof. Code §17200 must be Dismissed.

The Complaint fails to include sufficient factual allegations to support a cause of action for violation of Cal. Bus. & Prof. Code §17200 ("§17200 claim"). The arguments set forth by Plaintiffs in their Response do not change this fact.

Each prong of §17200 is a separate and distinct theory of liability. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). In the Response, Plaintiffs address only one prong of the §17200 claim, namely LPI's "unfair" practices. By failing to respond to LPI's arguments regarding the "unlawful" prong of §17200, Plaintiffs have conceded that their §17200 claim only pleads, at best, a claim for "unfair" practices.

---

[19] Plaintiffs misconstrue LPI's argument regarding the failure to plead breach of contract damages. Plaintiffs' listing from the Complaint items of alleged damages (Response, at pp. 17-18) does not overcome Plaintiffs' fundamental failure to plead, let alone establish, that they have actually incurred, or will actually incur, any damages as a result of LPI's purported breach of contract.

In the Response, Plaintiffs claim their §17200 claim survives dismissal "by merely alleging wrongful conduct."[20] However, the Complaint fails to provide factual support for their §17200 claim. Instead, Plaintiffs merely incorporate Paragraphs 1 through 71 in support of their claim[21] – a practice California courts have found to be insufficient to state a claim for relief. *See Zero Motorcycles, Inc. v. Pirelli Tyre S.P.A.,* No. C 10-01290 SBA, 2011 U.S. Dist. LEXIS 77587, at *12 (N.D. Cal. Jul. 15, 2011) (finding incorporation of paragraphs 1 through 71 of the complaint and plaintiff's assertion that the facts alleged therein violated §17200 insufficient to state a claim under any of the prongs of §17200 and dismissing complaint without leave to amend). For these reasons, Plaintiffs' §17200 claim must be dismissed.

With regard to injury under the §17200 claim, the Complaint makes a bare assertion that Plaintiffs have been "financially disadvantaged."[22] However, the Complaint fails to sufficiently allege that Plaintiffs have lost money or property as a result of such unfair competition. *Guzman,* 2011 U.S. Dist. LEXIS 120611, at *13-15.[23] Further, the Complaint fails to sufficiently allege that any injury was the result of Defendants' conduct – as opposed to the timing of the insureds' death. *See generally, id.* at *13-14. Therefore, Plaintiffs have failed to state a §17200 claim and, as such, the claim must be dismissed.

## II.
## CONCLUSION

For each of the multiple reasons set forth herein, and for the reasons set forth in Defendants' Motion to Dismiss, Plaintiffs' Complaint fails to state a claim upon which relief could be granted and should be dismissed.

---

[20] Response, at p. 19.
[21] Compl., ¶75.
[22] Compl., ¶78.
[23] The plain language of the statute requires that a plaintiff plead and prove that he (1) suffered an injury in fact, and (2) "**lost money or property as a result of the unfair competition**." Cal. Bus. & Prof. Code §17204 (emphasis added).

Respectfully submitted,

 /s/ *Elizabeth L. Yingling*
Elizabeth L. Yingling
State Bar No. 16935975
E-Mail: elizabeth.yingling@bakermckenzie.com
Kimberly F. Rich
State Bar No. 24010344
E-Mail: kimberly.rich@bakermckenzie.com
Laura J. O'Rourke
State Bar No. 24037219
E-Mail: laura.orourke@bakermckenzie.com
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Tel.: (214) 978-3000
Fax: (214) 978-3099

**ATTORNEYS FOR ALL DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.  All others were served a copy via U.S. mail.

/s/ *Elizabeth L. Yingling*

DALDMS/703214.3