IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN TURNBOW, WILLIAM and MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, and ANTHONY TAYLOR, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:11-CV-01030-M |
| LIFE PARTNERS, INC., LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, and R. SCOTT PEDEN, | § § § § | |
| Defendants. | § § | |

## APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

| Exhibit | Description | Pages |
|---|---|---|
| A | Notice of Subpoena to Whitley Penn | 000001-000007 |
| B | Notice of Subpoena to SEC | 000008-000014 |
| C | December 10, 2012 Affidavit of Elizabeth L. Yingling | 000015-000017 |
| C-1 | September 19, 2012 Confidentiality and Protective Order entered in the SEC Litigation | 000018-000027 |
| D | December 10, 20012 Affidavit of R. Scott Peden | 000028-000030 |
| E | July 5, 2011 LPHI Form 8-K | 000031-000035 |
| F | Notice of Subpoena to Ernst & Young | 000036-000042 |

Dated:  December 10, 2012

*/s/ Elizabeth L. Yingling*
Elizabeth L. Yingling
State Bar No. 16935975
E-Mail: elizabeth.yingling@bakermckenzie.com
Laura J. O'Rourke
State Bar No. 24037219
E-Mail: laura.orourke@bakermckenzie.com
Will R. Daugherty
State Bar No. 24053170
E-Mail: will.daugherty@bakermckenzie.com
BAKER & McKENZIE LLP
2300 Trammell Crow Center, 2001 Ross Avenue
Dallas, TX  75201
Tel.: (214) 978-3000
Fax: (214) 978-3099
**ATTORNEYS FOR ALL DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.  All others were served a copy via U.S. mail.

*/s/ Elizabeth L. Yingling*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN T. TURNBOW, WILLIAM *and* MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, *and* ANTHONY TAYLOR, *on behalf of themselves and all others similarly situated,* | § § § § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 3:11-CV-1030-M |
| v. | § § | CLASS ACTION |
| LIFE PARTNERS, INC, LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, *and* R. SCOTT PEDEN, | § § § § | |
| *Defendants.* | § § § | |

## PLAINTIFFS' NOTICE OF SUBPOENA TO WHITLEY PENN LLP

TO:    ATTORNEYS OF RECORD FOR THE PARTIES

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, Whitley Penn LLP will be expected to produce to Plaintiffs the documents described in Exhibit A to the subpoena. Whitley Penn LLP is not a party to this action. Plaintiffs request production of these documents within the time set forth in the Federal Rules of Civil Procedure.

A copy of the subpoena is attached to this notice and is hereby served upon you.

DATE: November 27, 2012

Steven G. Sklaver
California Bar No. 237612 (Admitted PHV)
Amy T. Brantly
California Bar No. 210893 (Admitted PHV)
abrantly@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
Suite 950
1901 Avenue of the Stars
Los Angeles, CA 90067-6029

Respectfully submitted,

/s/ Craig J. Geraci, Jr.
Lewis S. Kahn
Louisiana Bar No. 23805 Admitted PHV)
Craig J. Geraci, Jr.
Alabama Bar No. 3847-C62G (Admitted PHV)
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, LA 70447

2137637v1/012370

Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ssklaver@susmangodfrey.com

Terrell W. Oxford
Texas State Bar No. 15390500
Jonathan Bridges
Texas State Bar No. 24028835
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
Email: toxford@susmangodfrey.com
        jbridges@susmangodfrey.com

**INTERIM CO-LEAD CLASS COUNSEL**

Bruce K. Packard
State Bar No. 15402300
W. Craig Stokley
State Bar No. 24051392
RINEY PALTER, PLLC
5949 Sherry Lane, Suite 1616
Dallas, Texas 75225-8009
Telephone: 214-461-1200
Facsimile: 214-461-1210
Email: bpackard@rineypalter.com
        cstokley@rineypalter.com
**ADDITIONAL COUNSEL FOR
PLAINTIFFS**

Tel: (504) 455-1400
Fax: (504) 455-1498
Email: Lewis.Kahn@ksfcounsel.com
        Craig.Geraci@ksfcounsel.com

Kim E. Miller
California Bar No. 178370 (Admitted PHV)
**KAHN SWICK & FOTI, LLC**
500 5th Avenue, Suite 1810
New York, NY 10110
Tel: (212) 696-3730
Fax: (504) 455-1498
Email: Kim.Miller@ksfcounsel.com

**INTERIM CO-LEAD CLASS COUNSEL**

Stuart H. McCluer
Louisiana Bar No. 101366 (Admitted PHV)
MCCULLEY MCCLUER PLLC
1223 Jackson Avenue East, Suite 200
P.O. Box 2294
Oxford, Mississippi 38655
(662) 236-1401
smccluer@mcculleymccluer.com

**COUNSEL FOR PLAINTIFF SEAN
TURNBOW**

**EXHIBIT "A"**                                    **000002**

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2012, a true and correct copy of the foregoing was served upon all counsel of record by e-mail.

Elizabeth L. Yingling
Laura J. O'Rourke
Will Daugherty
Baker & McKenzie LLP
2001 Ross Ave
Suite 2300
Dallas, Texas 75201

/s/ Craig J. Geraci, Jr.

3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of Texas

| | |
|---|---|
| Sean T. Turnbow, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:11-CV-1030-M |
| Life Partners Inc., et al., | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                    ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  WHITLEY PENN LLP, via its managing partner, Larry Autrey, 1400 West 7th Street, Suite 400, Fort Worth, TX 76102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  All documents described in Exhibit A.

| Place: Susman Godfrey L.L.P.<br>901 Main Street, Suite 5100<br>Dallas, TX 75202 | Date and Time:<br><br>12/10/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     11/27/2012

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Plaintiffs
, who issues or requests this subpoena, are:

Craig J. Geraci, Jr., Kahn Swick & Foti, LLC, 206 Covington Street, Madisonville, LA 70447, craig.geraci@ksfcounsel.com, and (504) 455-1400

**EXHIBIT "A"**                                                                                  000004

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:11-CV-1030-M

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT "A"**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT "A"**

000006

# EXHIBIT A

You must produce the following documents provided they are in your possession, custody, or control:

1. All communications with Life Partners Inc., Life Partners Holdings Inc., Mr. Pardo, Mr. Peden, and/or any other employee or affiliate of theirs (collectively referred to herein as "Life Partners") regarding Dr. Donald T. Cassidy's ("Cassidy") life expectancy estimates and/or his methodology for preparing life expectancy estimates.

2. All communications with Cassidy, and/or any other employee or affiliate of his regarding Cassidy's life expectancy estimates and/or his methodology for preparing life expectancy estimates.

3. All documents related to Cassidy's methodology for estimating life expectancies.

4. All management letters related to any audits of the financial statements of Life Partners prepared by or on behalf of Whitley Penn LLP.

5. All communications with Life Partners regarding management letters related to any audits of the financial statements of Life Partners prepared by or on behalf of Whitley Penn LLP.

6. All documents related to internal controls at Life Partners, including, but not limited to, any weaknesses in Life Partners' internal controls.

7. All communications with Life Partners regarding internal controls at Life Partners, including, but not limited to, any weaknesses in Life Partners' internal controls.

8. All documents related to any impairment analysis of the assets of Life Partners.

9. All communications with Life Partners regarding any impairment analysis of the assets of Life Partners.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SEAN T. TURNBOW, WILLIAM *and* MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, *and* ANTHONY TAYLOR, *on behalf of themselves and all others similarly situated,* | § § § § § § § | |
| *Plaintiffs,* | § § | **CIVIL ACTION NO. 3:11-CV-1030-M** |
| v. | § § § | (Consolidated with Civil Action Nos. 3:11-CV-1093-M, 3:11-CV-1152-M, 3:11-CV-1225-M, and 3:11-CV-1325-M) |
| LIFE PARTNERS, INC, LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, *and* R. SCOTT PEDEN, | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' NOTICE OF SUBPOENA TO**
**U.S. SECURITIES AND EXCHANGE COMMISSION**

TO:     ATTORNEYS OF RECORD FOR THE PARTIES

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, the U.S. Securities and Exchange Commission will be expected to produce to Plaintiffs the documents described in Exhibit A to the subpoena. The U.S. Securities and Exchange Commission is not a party to this action. Plaintiffs request production of these documents within the time set forth in the Federal Rules of Civil Procedure.

A copy of the subpoena is attached to this notice and is hereby served upon you.

DATE: December 4, 2012

Steven G. Sklaver
California Bar No. 237612 (Admitted PHV)
Amy T. Brantly
California Bar No. 210893 (Admitted PHV)
abrantly@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**

Respectfully submitted,

/s/   Craig J. Geraci, Jr.
Lewis S. Kahn
Louisiana Bar No. 23805 Admitted PHV)
Craig J. Geraci, Jr.
Alabama Bar No. 3847-C62G (Admitted PHV)

Suite 950
1901 Avenue of the Stars
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ssklaver@susmangodfrey.com

Terrell W. Oxford
Texas State Bar No. 15390500
Jonathan Bridges
Texas State Bar No. 24028835
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
Email: toxford@susmangodfrey.com
        jbridges@susmangodfrey.com

**INTERIM CO-LEAD CLASS COUNSEL**

Bruce K. Packard
State Bar No. 15402300
W. Craig Stokley
State Bar No. 24051392
RINEY PALTER, PLLC
5949 Sherry Lane, Suite 1616
Dallas, Texas 75225-8009
Telephone: 214-461-1200
Facsimile: 214-461-1210
Email: bpackard@rineypalter.com
        cstokley@rineypalter.com
**ADDITIONAL COUNSEL FOR
PLAINTIFFS**

**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498
Email: Lewis.Kahn@ksfcounsel.com
        Craig.Geraci@ksfcounsel.com

Kim E. Miller
California Bar No. 178370 (Admitted PHV)
**KAHN SWICK & FOTI, LLC**
500 5th Avenue, Suite 1810
New York, NY 10110
Tel: (212) 696-3730
Fax: (504) 455-1498
Email: Kim.Miller@ksfcounsel.com

**INTERIM CO-LEAD CLASS COUNSEL**

Stuart H. McCluer
Louisiana Bar No. 101366 (Admitted PHV)
MCCULLEY MCCLUER PLLC
1223 Jackson Avenue East, Suite 200
P.O. Box 2294
Oxford, Mississippi 38655
(662) 236-1401
smccluer@mcculleymccluer.com

**COUNSEL FOR PLAINTIFF SEAN
TURNBOW**

2

**EXHIBIT "B"**                                        **000009**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the December 4, 2012, a true and correct copy of the foregoing was served upon all counsel of record by e-mail.

Elizabeth L. Yingling
Laura J. O'Rourke
Will Daugherty
Baker & McKenzie LLP
2001 Ross Ave
Suite 2300
Dallas, Texas 75201

                    __/s/ Craig J. Geraci, Jr._____

3

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| Sean T. Turnbow, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:11-CV-1030-M |
| Life Partners Inc., et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  U.S. Securities and Exchange Commission, via Toby M. Galloway, attorney for the U.S. Securities and Exchange
       Commission, Burnett Plaza, Suite 1900, 801 Cherry Street, Unit #18, Fort Worth, TX 76102-6882

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:    All documents described in Exhibit A.

| Place: Susman Godfrey L.L.P.<br>       901 Main Street, Suite 5100<br>       Dallas, TX 75202-3775 | Date and Time:<br><br>01/04/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   12/04/2012

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiffs_____
_____ , who issues or requests this subpoena, are:

Craig J. Geraci, Jr., Kahn Swick & Foti, LLC, 206 Covington Street, Madisonville, LA 70447
craig.geraci@ksfcounsel.com; (504) 455-1400

**EXHIBIT "B"**                                                                                                    **000011**

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:11-CV-1030-M

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT "B"**                                                              **000012**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT "B"**

# EXHIBIT A

You must produce the following documents provided they are in your possession, custody, or control:

1.  All documents produced to the defendants in *Securities and Exchange Commission v. Life Partners Holdings, Inc.*, *et al.*, Civil Action No. 1-12-cv-00033 (W.D. Tex.).

2.  All documents containing or relating to investigative testimony prepared by or on behalf of the U.S. Securities and Exchange Commission for use in and/or produced to the defendants in *Securities and Exchange Commission v. Life Partners Holdings, Inc.*, *et al.*, Civil Action No. 1-12-cv-00033 (W.D. Tex.).

3.  All transcripts and exhibits related to *Securities and Exchange Commission v. Life Partners Holdings, Inc.*, *et al.*, Civil Action No. 1-12-cv-00033 (W.D. Tex.).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEAN TURNBOW, WILLIAM and MARY    §
RICE, ROBERT YOSKOWITZ,           §
FREDERICK VIEIRA, and ANTHONY     §
TAYLOR, on behalf of themselves and all    §
others similarly situated,        §
                                  §
          Plaintiffs,             §
                                  §
v.                                §    Case No. 3:11-CV-01030-M
                                  §
LIFE PARTNERS, INC., LIFE PARTNERS    §
HOLDINGS, INC., BRIAN PARDO, and R.    §
SCOTT PEDEN,                      §
                                  §
          Defendants.             §

## AFFIDAVIT OF ELIZABETH L. YINGLING

STATE OF TEXAS       §
                     §
COUNTY OF DALLAS     §

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for

the State of Texas, personally came and appeared ELIZABETH L. YINGLING, and after being

duly sworn, deposed and stated:

1.    "My name is Elizabeth L. Yingling. I am over the age of 18 years, have never

been convicted of a felony or crime involving moral turpitude, and am otherwise fully competent

to make this Affidavit.

2.    I am an attorney licensed to practice law in the State of Texas by the Supreme

Court of Texas, and I have continuously practiced law in Texas since my licensing in 1991. I am

a partner with the law firm of Baker & McKenzie, LLP, 2001 Ross Avenue, Suite 2300, Dallas,

Texas 75201. I am lead counsel for Defendants in the above-entitled and numbered cause. As

counsel for Defendants, I have personal knowledge of each of the facts set forth in this Affidavit, and such facts stated herein are true and correct.

3.     Plaintiffs are seeking in this action, through the issuance of a subpoena to the United States Securities and Exchange Commission ("SEC"), without limitation, "all documents produced to the defendants" in the SEC Lawsuit styled in *Securities and Exchange Commission v. Life Partners Holdings, Inc., et al.*, Civil Action No. 1-12-cv-00033 (W.D. Tex.) (the "SEC Lawsuit").  As part of its initial disclosures in the SEC Lawsuit, the SEC represented that it produced to Defendants all non-privileged documents obtained by the SEC during the course of the its more than fifteen (15) month investigation of Life Partners Holdings, Inc. ('LPHI') and Life Partners, Inc. ('LPI') (together, LPHI and LPI are referred to herein as the "Companies"), including all documents and electronically stored information ("ESI") produced by LPI and LPHI during the investigation.

4.     In the SEC Investigation, the scale of production primarily consisted of ESI amounting to <u>hundreds of gigabytes</u> of ESI.

5.     When producing documents during the SEC Investigation, the Companies requested that such documents be treated as "Confidential" under FOIA.

6.     Included among the documents produced by the Companies in the SEC investigation were the following:

> (a)     More than 500,000 emails of former and current employees of LPHI and LPI, as well as attachments thereto, without limitation as to scope; and

> (b)     Documents containing information concerning the Companies' accounting practices and procedures, aging reports, and general ledgers.

7.      Included among the documents produced by the SEC to the Defendants in the SEC Lawsuit, were documents obtained by the SEC from twenty-four (24) third-parties in the SEC Investigation consisting of approximately fifty-eight (58) gigabytes of data, including, *inter alia*, personal financial information (such as investment account statements) of Pardo and Peden and financial and accounting information of LPI and LPHI.

8.      A true and correct copy of Judge Nowlin's "Confidentiality and Protective Order" entered on September 19, 2012 in the SEC Lawsuit is attached hereto and incorporated by reference as Exhibit "C-1."

9.      A significant aspect of the SEC Investigation involved the issue of whether the viatical and life settlements facilitated by LPI are "securities" under federal law."

FURTHER AFFIANT SAYETH NOT.

Elizabeth L. Yingling

SWORN TO AND SUBSCRIBED TO BEFORE ME this 10th day of December, 2012.

Notary Public, in and for the State of Texas

My Commission Expires:

PAM D. SAVAGE
MY COMMISSION EXPIRES
February 13, 2016

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2012 SEP 19  PM 4: 13

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ DEPUTY

SECURITIES AND EXCHANGE COMMISSION, :

Plaintiff,                                    :        Civil Action No.: 1-12-cv-00033

v.                                            :

:

LIFE PARTNERS HOLDINGS, INC., BRIAN           :
PARDO, R. SCOTT PEDEN, AND                    :
DAVID M. MARTIN,                              :

:

Defendants.                                   :

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the motion of the Defendants for the entry of a confidentiality and

protective order ("Protective Order"). After careful consideration, it is hereby ORDERED

as follows:

1.     **Classified Information**

"Classified Information" means any information of any type, kind, or character that

is designated as "Confidential" by any of the supplying or receiving persons, whether it be a

document, information contained in a document, information revealed during a deposition,

information revealed in an interrogatory answer, or otherwise.

2.     **Qualified Persons**

"Qualified Persons" means:

i.      retained counsel for the parties in this litigation and their respective staff;

ii.     actual or potential independent experts or consultants (and their
        administrative or clerical staff) engaged in connection with this
        litigation (which shall not include the current employees, officers,
        members, or agents of parties or affiliates of parties) who, prior to
        any disclosure of Classified Information to such person, have signed a
        document agreeing to be bound by the terms of this Protective Order
        (such signed document to be maintained by the attorney retaining such

## CONFIDENTIALITY AND PROTECTIVE ORDER                                    Page 1

**EXHIBIT "C-1"**                                                           000018

person) and have been designated in writing by notice to all counsel;

iii.     this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

iv.     the party, if a natural person;

v.     if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

vi.     litigation vendors, court reporters, and other litigation support personnel;

vii.     any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.     Such other person as this court may designate after notice and an opportunity to be heard.

**3.   Designation Criteria**

a.     *Nonclassified Information.* Classified Information shall not include information that either:

i.     is in the public domain at the time of disclosure, as evidenced by a written document;

ii.     becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.     the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure, except that documents and information designated as Confidential in accordance with paragraph 9(b) herein shall remain "Classified Information"; or

iv.     lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>         **Page 2**

Case 3:14-cv-01030-M Document 113 Filed 12/10/13 Page 22 of 44 PageID 3112
Case 1:12-cv-00033-JRN Document 55 Filed 09/19/12 Page 3 of 109
Case 1:12-cv-00033-JRN Document 41-1 Filed 08/03/12 Page 20 of 27

b.    *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, medical information, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

**4.    Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.    Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential".  In lieu of marking the original of a

EXHIBIT "C-1"                                                          000020

document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**6.    Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Classified Information for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of

<u>**CONFIDENTIALITY AND PROTECTIVE ORDER**</u>                                   **Page 4**

**EXHIBIT "C-1"**                                                                              **000021**

examination or testimony during which Classified Information is being used or discussed.

**7.     Disclosure to Qualified Persons**

a.     *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; *provided, however,* that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. However, this Protective Order shall not be construed to limit or otherwise abrogate the Commission's ability to make its files available as described in the "Routine Uses of Information" section of SEC Form 1662, or to comply with any other statutory obligation. The Commission may disclose Classified Information in a manner consistent with the "Routine Uses of Information" section of SEC Form 1662 or to comply with any other statutory or regulatory obligation without notifying or seeking permission from the producing and/or designating party.

b.     *Retention of Copies During this Litigation.* Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

**8.     Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written

<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>                                    Page 5

**EXHIBIT "C-1"**                                                                                      000022

Case 3:11-cv-01030-M Document 113 Filed 12/10/12 Page 25 of 44 PageID 3115
Case 1:12-cv-00033-JRN Document 55 Filed 08/13/12 Page 6 of 10
Case 1:12-cv-00033-JRN Document 41-1 Filed 08/03/12 Page 23 of 27

notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.     Documents Produced for Inspection Prior to Designation**

a.     In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", by the producing party.

b.     Documents previously produced in connection with Plaintiff's investigation styled <u>In the Matter of Life Partners, Inc. and Life Partners Holdings, Inc.</u> (No. FW-3501) shall be retroactively designated by notice in writing of each document by Bates number within thirty (30) days of the entry of this order. Any information, document, electronically-stored information or thing, or portion thereof that constitutes Classified Information under subsection (b) of paragraph 3 of this Order and that was produced by any non-party in connection with Plaintiff's investigation styled <u>In the Matter of Life Partners, Inc. and Life Partners Holdings, Inc.</u> (No. FW-3501) shall be treated as Confidential in accordance with this Order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

**10.     Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each

<u>**CONFIDENTIALITY AND PROTECTIVE ORDER**</u>                    **Page 6**

Case 3:11-cv-01030-M Document 113 Filed 12/10/12 Page 26 of 44 PageID 3116
Case 1:12-cv-00033-JRN Document 55 Filed 08/13/12 Page 7 of 169

Case 1:12-cv-00033-JRN Document 41-1 Filed 08/03/12 Page 24 of 27

party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

11. **Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from

CONFIDENTIALITY AND PROTECTIVE ORDER                    Page 7

the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 13. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries,

**CONFIDENTIALITY AND PROTECTIVE ORDER**                    Page 8

Case 3:12-cv-01020-M Document 113 Filed 12/10/12 Page 28 of 44 PageID 3118
Case 1:12-cv-00033-JRN Document 55 Filed 09/19/12 Page 9 of 10

Case 1:12-cv-00033-JRN Document 41-1 Filed 08/03/12 Page 26 of 27

or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>                    Page 9

Case 3:11-cv-01030-M Document 113 Filed 12/10/12 Page 29 of 44 PageID 3119
Case 1:12-cv-00033-JRN Document 55 Filed 09/19/12 Page 10 of 10

Case 1:12-cv-00033-JRN Document 41-1 Filed 08/03/12 Page 27 of 27

**17.     Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.     Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19.     Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this __19th__ day of __SEPT__, 20__12__

_____
United States District Judge

CONFIDENTIALITY AND PROTECTIVE ORDER                    Page 10

**EXHIBIT "C-1"**                                                    000027

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN TURNBOW, WILLIAM and MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, and ANTHONY TAYLOR, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:11-CV-01030-M |
| LIFE PARTNERS, INC., LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, and R. SCOTT PEDEN, | § § § § | |
| Defendants. | § § | |

## AFFIDAVIT OF R. SCOTT PEDEN

STATE OF TEXAS              §
                                     §
COUNTY OF MCLENNAN §

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and for the State of Texas, personally came and appeared R. SCOTT PEDEN, and after being duly sworn, deposed and stated:

1.      "My name is R. Scott Peden. I am over the age of 18 years, have never been convicted of a felony or crime involving moral turpitude, and am otherwise fully competent to make this Affidavit. I have personal knowledge of each of the facts set forth in this Affidavit, and such facts stated herein are true and correct.

2.      I am one of the Defendants in the above-referenced matter and the President of Life Partners, Inc. ("LPI") and the General Counsel for Life Partners Holdings, Inc. ( "LPHI" ). I have held those respective positions since 2000.  In my capacity as President of LPI and

**EXHIBIT "D"**                                                                              **000028**

General Counsel of LPHI, I have knowledge of the matters stated herein and each of the matters stated herein is true and correct.

3.     The documents and ESI exchanged during the nonpublic investigation by the United States Securities and Exchange Commission ("SEC") of Life Partners Holdings, Inc. and LPI (collectively, the "Companies") included, among other things, the following:

(a)    Hundreds of thousands of pages of electronic documents concerning more than 14,000 purchasers of viatical settlements and life settlements from 2000 through 2010, all of which are in PDF format in separate files.   These "purchaser files" include the personal financial information of third-parties, such as bank account and IRA account numbers, investment histories, social security numbers, telephone numbers, addresses, and photocopies of licenses;

(b)    Hundreds of thousands of pages of electronic documents concerning more than 1,800 insureds relating to viatical settlements and life settlements from 2000 through 2010, all of which are in PDF format in separate files.   These "insured files" include third-parties' highly sensitive medical records (many of which disclose that the person has HIV or AIDS), social security numbers, telephone numbers, and addresses;

(c)    Hundreds of thousands of pages of electronic documents concerning hundreds of former and current licensees for the period from 2000 through 2010, all of which are in PDF format in separate files.   These "licensee files" include third-parties' personal financial information, such as bank account numbers and tax returns, and personal identifying information, such as social security numbers, telephone numbers, addresses, and photocopies of driver's licenses;

(d)    A highly confidential and proprietary database that contains millions of data inputs; and

(e)     Personnel records of former and current employees of LPHI and LPI, which typically include information concerning highly personal and sensitive information regarding compensation and benefits, copies of driver's licenses and social security cards, health insurance information, unemployment claims, and performance reviews."

FURTHER AFFIANT SAYETH NOT.



R. Scott Peden

SWORN TO AND SUBSCRIBED TO BEFORE ME this _10_ day of December, 2012.

Notary Public, in and for the State of Texas

My Commission Expires:

_5-18-2013_

> Christina R. Butler
> Notary Public
> State of Texas
> My Comm. Exp 5-18-2013

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, DC 20549**

## FORM 8-K

**CURRENT REPORT PURSUANT**
**TO SECTION 13 OR 15(D) OF THE**
**SECURITIES EXCHANGE ACT OF 1934**

Date of report (date of earliest event reported):  July 1, 2011

# LIFE PARTNERS HOLDINGS, INC.

(Exact Name of Registrant as Specified in Its Charter)

Texas
(State of incorporation)

0-7900
(Commission File Number)

74-2962475
(I.R.S. Employer ID no.)

204 Woodhew
Waco, Texas
(Address of Principal Executive Offices)

76712
(Zip Code)

Issuer's telephone number, including area code:  254-751-7797

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions ( *see* General Instruction A.2. below):

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**EXHIBIT "E"**

000031

**Item 4.01.  Changes in Registrant's Certifying Accountant**

On July 1, 2011, the Audit Committee of the Board of Directors of Life Partners Holdings, Inc. (" *we* " or " *Life Partners* ") approved Whitley Penn LLP (" *Whitley Penn* ") as our independent registered public accounting firm for the fiscal year ended February 28, 2011.  Whitley Penn will also re-audit our consolidated financial statements for fiscal year ended February 28, 2010.  Our prior auditors, Ernst & Young, withdrew its opinion for the fiscal year 2010 statements following a disagreement.

We did not engage Whitley Penn in any prior consultations during our two most recent fiscal years, or the subsequent period through the date of the filing of this Form 8-K regarding either:  (i) the application of accounting principles to a specified transaction, either completed or proposed, or the type of audit opinion that might be rendered on our consolidated financial statements, and neither a written report was provided to us nor oral advice was provided that Whitley Penn concluded was an important factor considered by us in reaching a decision as to the accounting, auditing, or financial reporting issue; or (ii) any matter that was the subject of either a disagreement (as defined in Item 304(a)(1)(iv) of Regulation S-K and the related instructions to Item 304 of Regulation S-K) or a reportable event (as defined in Item 304(a)(1)(v) of Regulation S-K).

**Item 9.01.  Financial Statements and Exhibits**

(d) Exhibits.

| **Exhibit Number** | | **Description** |
|---|---|---|
| 99.1 | Press release dated July 5, 2011. | |

2

**EXHIBIT "E"**                                                                        000032

## SIGNATURES

Pursuant to the requirements of the Securities and Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

July 5, 2011.

Life Partners Holdings, Inc.

By: /s/ David M. Martin

_____

David M. Martin
Principal Financial Officer

3

## EXHIBIT INDEX

| Number | Description | Page |
|--------|-------------|------|
| 99.1 | Press release dated July 5, 2011 | 5 |

4

**EXHIBIT "E"**

000034

Exhibit 99.1

## LIFE PARTNERS ENGAGES WHITLEY PENN LLP AS ITS AUDITOR

**WACO, TX – July 5, 2011 – Life Partners Holdings, Inc. (NASDAQ GS: LPHI),** a leader in the life settlements industry, announced that the Audit Committee of its Board of Directors has engaged Whitley Penn LLP as the Company's new independent registered public accounting firm. Whitley Penn is engaged to audit the Company's consolidated financial statements for fiscal year ended February 28, 2011. Whitley Penn will also re-audit the consolidated financial statements for fiscal year ended February 28, 2010. The company's prior auditors, Ernst & Young, withdrew its opinion for the fiscal year 2010 statements following a disagreement with the Company.

The Company anticipates that the retention of Whitley Penn and the audits of its statements will allow it to complete its annual report and resume its filings with the Securities and Exchange Commission.

**Life Partners** is the world's oldest and one of the most active companies in the United States engaged in the secondary market for life insurance, commonly called "life settlements". Since its incorporation in 1991, Life Partners has completed over 132,000 transactions for its worldwide client base of approximately 28,000 high net worth individuals and institutions in connection with the purchase of over 6,400 policies totaling over $2.9 billion in face value.

Safe Harbor - This press release contains certain forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995. Prospective investors are cautioned that any such forward-looking statements are not guarantees of future performance and involve risks and uncertainties, and that actual results may differ materially from those projected in the forward-looking statements because of various factors. The statements in this news release that are not historical statements, including statements regarding the expectation of timely report filings are forward-looking statements within the meaning of the federal securities laws. These statements are subject to numerous risks and uncertainties, many of which are beyond our control, that could cause actual results to differ materially from such statements. For information concerning these risks and uncertainties, see our most recent Form 10-K. We disclaim any intention or obligation to update or revise any forward-looking statements, whether because of new information, future events or otherwise, except as may be required by law.

LPHI-G

\*\*\*\*\*\*\*\*\*\*\*
FOR MORE INFORMATION, CONTACT:
Shareholder Relations (254) 751-7797
or info@lifepartnersinc.com

Visit our website at: www.lphi.com

**EXHIBIT "E"**                                                                      000035

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN T. TURNBOW, WILLIAM *and* MARY RICE, ROBERT YOSKOWITZ, FREDERICK VIEIRA, *and* ANTHONY TAYLOR, *on behalf of themselves and all others similarly situated,* | § § § § § § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:11-CV-1030-M |
| | § | |
| v. | § | (Consolidated with Civil Action Nos. 3:11-CV-1093-M, 3:11-CV-1152-M, 3:11-CV-1225-M, and 3:11-CV-1325-M) |
| LIFE PARTNERS, INC, LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, *and* R. SCOTT PEDEN, | § § § § § | |
| | § | |
| Defendants. | § | |

### PLAINTIFFS' NOTICE OF SUBPOENA TO ERNST & YOUNG, LLP

TO:   ATTORNEYS OF RECORD FOR THE PARTIES

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, Ernst & Young LLP will be expected to produce to Plaintiffs the documents described in Exhibit A to the subpoena. Ernst & Young LLP is not a party to this action. Plaintiffs request production of these documents within the time set forth in the Federal Rules of Civil Procedure.

A copy of the subpoena is attached to this notice and is hereby served upon you.

DATE: February 14, 2012

Steven G. Sklaver
California Bar No. 237612 (Admitted PHV)
Amy T. Brantly
California Bar No. 210893 (Admitted PHV)
abrantly@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
Suite 950

Respectfully submitted,

/s/ Kim E. Miller
Kim E. Miller
California Bar No. 178370 (Admitted PHV)
**KAHN SWICK & FOTI, LLC**
500 5th Avenue, Suite 1810
New York, NY 10110

2137637v1/012370

**EXHIBIT "F"**

1901 Avenue of the Stars
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ssklaver@susmangodfrey.com

Terrell W. Oxford
Texas State Bar No. 15390500
Jonathan Bridges
Texas State Bar No. 24028835
**SUSMAN GODFREY L.L.P.**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
Email: toxford@susmangodfrey.com
        jbridges@susmangodfrey.com

**INTERIM CO-LEAD CLASS COUNSEL**

Bruce K. Packard
State Bar No. 15402300
W. Craig Stokley
State Bar No. 24051392
RINEY PALTER, PLLC
5949 Sherry Lane, Suite 1616
Dallas, Texas 75225-8009
Telephone: 214-461-1200
Facsimile: 214-461-1210
Email: bpackard@rineypalter.com
        cstokley@rineypalter.com
**ADDITIONAL COUNSEL FOR
PLAINTIFFS**

Tel: (212) 696-3730
Fax: (504) 455-1498
Email: Kim.Miller@ksfcounsel.com

Lewis S. Kahn
Louisiana Bar No. 23805 Admitted PHV)
Craig J. Geraci, Jr.
Alabama Bar No. 3847-C62G (Admitted PHV)
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498
Email: Lewis.Kahn@ksfcounsel.com
        Craig.Geraci@ksfcounsel.com

**INTERIM CO-LEAD CLASS COUNSEL**

Stuart H. McCluer
Louisiana Bar No. 101366 (Admitted PHV)
MCCULLEY MCCLUER PLLC
1223 Jackson Avenue East, Suite 200
P.O. Box 2294
Oxford, Mississippi 38655
(662) 236-1401
smccluer@mcculleymccluer.com

**COUNSEL FOR PLAINTIFF SEAN
TURNBOW**

2

**EXHIBIT "F"**

000037

## CERTIFICATE OF SERVICE

I hereby certify that on the February 14, 2012, a true and correct copy of the foregoing was served upon all counsel of record by e-mail.

Kimberly F. Rich
Elizabeth L. Yingling
Laura J. O'Rourke
Baker & McKenzie LLP
2001 Ross Ave
Suite 2300
Dallas, Texas 75201

_/s/ Kim E. Miller_____

3

**EXHIBIT "F"**

000038

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
### for the
Southern District of New York

| | | |
|---|---|---|
| Sean T. Turnbow, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:11-CV-1030-M |
| Life Partners Inc., et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Texas          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  ERNST & YOUNG LLP, via its registered agent, National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, New York 10001

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   All documents described in Exhibit A.

| Place:  Kahn Swick & Foti, LLC 500 5th Avenue, Suite 1810 New York, New York 10110 | Date and Time: 03/15/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/13/2012

CLERK OF COURT

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Plaintiffs
_____, who issues or requests this subpoena, are:

Kim E. Miller, Kahn Swick & Foti, LLC, 500 5th Avenue, Suite 1810, New York, New York 10110
kim.miller@ksfcounsel.com; (212) 696-3730

**EXHIBIT "F"**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:11-CV-1030-M

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                     *Server's signature*

                                                  _____
                                                     *Printed name and title*

                                                  _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT "F"**                                                                                        000040

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT "F"**

## EXHIBIT A

You must produce the following documents providing they are in your possession, custody, or control:

1.   All communications with Life Partners Inc., Life Partners Holdings Inc., Mr. Pardo, Mr. Peden, and/or any other employee or affiliate of theirs (collectively referred to herein as "Life Partners") regarding Dr. Donald T. Cassidy's ("Cassidy") life expectancy estimates and/or his methodology for preparing life expectancy estimates, including, but not limited to, communications between Life Partners and Peter T. Cangany, Jr. of Ernst & Young, LLP.

2.   All communications with Cassidy, and/or any other employee or affiliate of his regarding Cassidy's life expectancy estimates and/or his methodology for preparing life expectancy estimates, including, but not limited to, communications between Cassidy and Peter T. Cangany, Jr.

3.   All communications with Michael Stern regarding Life Partners' life expectancy estimates, including, but not limited to, communications between Michael Stern and Peter T. Cangany, Jr.

4.   All documents related to Cassidy's methodology for estimating life expectancies, including, but not limited to, the synopsis of Cassidy's life expectancy methodology provided to Peter T. Cangany, Jr. by Cassidy.

**EXHIBIT "F"**