**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SEAN TURNBOW, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:11-cv-1030-M** |
| | § | |
| **LIFE PARTNERS, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM ORDER**

Defendants Life Partners, Inc., Life Partners Holdings, Inc. ("LPHI"), Brian Pardo, and

R. Scott Pedren have filed a joint Motion to Quash and for Protective Order in connection with a

Rule 45 subpoena issued by Plaintiffs to nonparty Whitley Penn LLP ("Whitley Penn"), LPHI's

financial auditor.[1]  At issue are six document requests pertaining to the following categories of

documents:

> (1)     all management letters related to any audits of Defendants'
> financial statements prepared by or on behalf of Whitley Penn and
> any related communications with Defendants (requests 4 & 5);
>
> (2)     all documents related to Defendants' internal controls and any
> related communications with Defendants (requests 6 & 7); and
>
> (3)     all documents related to any impairment analysis of
> Defendants' assets and any related communications with Defendants
> (requests 8 & 9).

Def. Mot. App., Exh. A at 007.  Defendants contend that Plaintiffs' requests are overly broad and

seek irrelevant documents that are not within the scope of discovery.  Plaintiffs respond that

---

[1]  The parties advised the Court by letter dated January 23, 2013 that they reached an agreement on the issues
concerning Plaintiffs' subpoena to the United States Securities and Exchange Commission ("SEC") and that Defendants'
motion is moot to the extent it concerns the SEC subpoena.

Defendants lack standing to quash the Whitley Penn subpoena and further contend that the documents requests are relevant and not overly broad. The parties have fully briefed their respective positions, and the motion is ripe for determination.

As a general rule, a party has standing to challenge a nonparty subpoena in order to protect a personal right or privilege in the requested production. *Canyon Partners, L.P. v. Developers Diversified Realty Corp.*, No. 3:04-CV-1335-L, 2005 WL 5653121, at *1 (N.D. Tex. Nov. 4, 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Plaintiffs' subpoena to Whitley Penn seeks Defendants' accounting records and other sensitive financial information and communications pertaining to Defendants and their business. Defendants have a personal right in such information that is sufficient to confer standing for purposes of bringing the instant motion. *See id.* (party's interest in financial documents used by accountant to prepare tax returns sufficient to confer standing to challenge subpoena served on accountant); *Bramell v. Aspen Exploration, Inc.*, No. 4:05-CV-384, 2008 WL 4425368, at *2 (E.D. Tex. Sep. 24, 2008) (same).

Turning to the merits of Defendants' motion, the Court determines that the disputed document requests are overly broad and that the Whitley Penn subpoena must be quashed. Federal Rule of Civil Procedure 45(c)(3) requires a court to quash or modify a subpoena if it subjects a person to undue burden. *See* FED. R. CIV. P. 45(c)(3)(A)(iv); *see also Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). A facially overbroad subpoena is unduly burdensome. *Cmedia*, 216 F.R.D. at 389. Here, Plaintiffs' document requests seek (1) "*all* management letters related to any audits of Defendants' financial statements prepared by or on behalf of Whitley Penn," (2) "*all* documents related to Defendants' internal controls," and (3) "*all* documents related to any impairment analysis of Defendants' assets." Def. Mot. App., Exh. A at 007

(emphasis added).  These requests are not limited by any reasonable restriction on time.  Nor are they limited to any categories of documents relating to the allegedly improper life expectancy estimates prepared by Dr. Donald T. Cassidy that are at the heart of this litigation.  Instead, these request relate to virtually every facet of Defendants' accounting and financial policies and procedures and encompass documents relating to internal controls far outside those relevant to the claims at issue.  *See* Def. Supp. App., Exh. G at 43-44.  The Court thus finds the subpoena is facially overbroad and presents an undue burden.

Accordingly, Defendants' Motion to Quash (Doc. 112) is GRANTED with respect to the challenged portions of the Whitley Penn subpoena.  In all other respects, the Motion is DENIED as moot.

SO ORDERED, April 16, 2013

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE